affirmed, with costs on opinion on previous appeal.

Christian Jackle, Respondent. v. The Manhattan Railway Company and Another, Appellants.— Judgment affirmed, with costs. No opinion.

David Dusie, Jr., v. Aura H. Russell.— Motion granted, with ten dollars costs.

John W. de Peyster, Respondent, v. The Metropolitan Elevated Railway Company, Appellant. —Judgment reversed, new trial ordered, costs to appellant to abide event.—

PER CURIAM: It is manifest upon examining the testimony contained in this record that the awards made upon the trial are largely excessive and not warranted by the proof. We have endeavored to ascertain if there could not be found some basis upon which a reduction of the amount awarded might be made and the judgment affirmed for that amount. But the evidence is of so unsatisfactory a character that we think the only method by which a satisfactory conclusion can be arrived at is the granting of a new trial. The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event. Present—Van Brunt, P. J., O'Brien and Parker, JJ.

·Matter of Ashbel P. Fitch.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Hattie E. Bucki, Respondent, v. Charles L. · Bucki, Appellant.—Judgment affirmed, with costs.—

PARKER, J. : The trial court reached the conclusion that the substantial facts alleged in the complaint were proved on the trial. On a former appeal this court held that the allegations in the complaint, if supported by evidence on the trial, would entitle plaintiff to the judgment prayed for (70 Hun, 598). The question on this appeal, therefore, relates to the finding of fact made. Bearing that subject of inquiry in mind, we have attentively examined the evidence, with the result that we are persuaded that under the rules which should govern this court in reviewing determinations of fact the decision of the trial court must stand. The judgment should be affirmed, with costs. Follett, J., concurred.

VAN BRUNT, P. J. (dissenting) : I cannot concur in the affirmance of the judgment in this action. It is apparent that much of the evidence in this case was made under the advice of counsel, and that acts of violence were eagerly looked for under such advice and gleefully welcomed. Even under these circumstances only one act of violence could be established, or was claimed, and many of the quarrels which were constantly taking place between these parties were the outcome of legal advice to the plaintiff. It is undoubtedly true that the defendant acted in many instances with great meanness, and

many of his acts were of a despicable character. But the plaintiff is very far from having been free from endeavoring to incite such performances upon the part of the defendant. Unless we are to add another ground of divorce to those contained in the statute, namely, that of incompatibility of temper, I can find no ground for a separation in the case at bar. Simply because two people will lead a cat and dog life together that fact does not seem to be recognized by the statutes as a ground for separation. Having made their bed they must lie upon it. I do not think it is the province of the court to indulge in judicial legislation to · the extent which would be required by the granting of a decree in this case in order to enable the plaintiff to live at the expense of the defendant without the performance of any of those duties upon which his obligation to support her now depends. The judgment should be reversed and a new trial ordered.

Anna T. Kelly, Respondent, v. The Manhattan Railway Company, Appellant. —Judgment affirmed, with costs. No opinion.

George Ropes v. William Arnold.—Motion denied, with ten dollars costs. —

PER CURIAM: A motion of a precisely similar character to the one now presented was made to the General Term when the case came up for argument in its regular order upon the calendar, and this court then held that it could not with propriety insert exceptions in a case upon its coming before it for argument, but that the case must be settled by the judge who tried the same and be by him ordered on file, and that this function, which by the General Rules of Practice was confided to the judge who tried the case, ought not to be performed by the General Term. No request to postpone was made by the appellant in order that he might make an application to the judge who tried the case, but the appeal was argued, and after its decision by the General Term this application is renewed. We think it is apparent that for the reason stated upon the previous application, it must now be denied. Motion denied, with ten dollars costs. Present— Van Brunt, P. J., Follett and Parker, JJ.

Charlotte E. Courtney, Appellant, v. Charles J. Buchanan and Another, Respondents. — Order affirmed, with ten dollars costs and disbursements. No opinion.

Solomon Bachrach and Others, Appellants, v. Rachel Levy, Impleaded, Respondent.— Order affirmed, with ten dollars costs and disbursements, and with leave to answer application as matter of favor, to be relieved from judgment as inadvertently entered. No opinion.

George F. Britton, Appellant, v. Kate C. Henderson, Respondent. — Order affirmed, with ten dollars costs and disbursements. No opinion.

---

## SECOND DEPARTMENT, MARCH TERM, 1895.

In the Matter of the Petition of Michael Baiseley to have the Election for the Incorporation of a Certain Territory in the Town of Jamaica as a Village Declared Illegal, etc.— Order affirmed on the opinion of the county judge. Brown, P. J., and Dykman, J., concurred; Cullen, J., not sitting.

In the Matter of the Estate of Salome Huber, Deceased.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

Leo Pranger and Kate Bunyan v. John R. Kuhn.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

Henry B. Jenkins and Another v. Gilbert Hall and Others.— Order affirmed, with ten dollars costs and disbursements.—

DYKMAN, J.: This is an appeal from an order of the City Court of Mount Vernon allowing an amendment to the complaint in this action by alleging the defendant Gilbert